IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>JARED MASON,<br><br>              Defendant. | 8:09-CR-125<br><br>ORDER RE: DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

      This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release, Filing 146. For the reasons stated below, the Court denies Defendant's motion.

      Defendant Jared Mason pleaded guilty to robbery and brandishing a firearm in furtherance of a crime of violence on September 17, 2009. Filing 44. Pursuant to a Rule 11(c)(1)(C) plea agreement, Judge Laurie Smith Camp sentenced Mason to 46 months of incarceration on the robbery charge followed by an 84-month term of incarceration on the brandishing a firearm charge, to be served consecutively; his prison-term was to be followed by three years of supervision on the robbery charge and five years of supervision on the brandishing charge, served concurrently. Filing 72. Mason's term of supervised release began on May 16, 2019. Filing 138. On April 14, 2021, the U. S. Probation Officer assigned to Mason's case reported to the Court that he had submitted a urine sample that tested positive for marijuana and had admitted to using the same. Filing 141. Probation reported to the Court that Mason again submitted a positive urine sample in February of 2022. Filing 145. Shortly after the present motion was filed, the probation officer again filed a notice of non-compliance on April 11, 2022, indicating Mason had again admitted to smoking marijuana. Filing 148. Unsurprisingly, the defense indicates that the probation officer and

1

the Assistant United States Attorney assigned to this case oppose Mason's request for early termination. Filing 146.

In making its determination, the Court has considered the factors outlined in 18 U.S.C. § 3553(a), including the need for deterrence, to protect the public, to reflect the seriousness of Mason's offense and to promote respect for the law, and to avoid unwarranted sentencing disparities. The Court finds that early termination at this time would reduce the deterrent value of Mason's sentence and would fail to reflect the seriousness of his crime. Further, given the needs to protect the public, to promote respect for the law, and to avoid unwarranted disparities, the Court finds Mason should serve his full term of supervised release. It is also not lost on the Court that Mason appears to be consistently and willfully noncompliant with the terms of his release. If he continues on his current course, he is more likely to find himself back in prison following a revocation of his supervised release than he is to find his supervision terminated early. The Court's consideration of the factors set forth in 18 U.S.C. § 3553(a) do not allow it to grant Mason's request. Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Early Termination of Supervised Release, Filing 146, is denied.

Dated this 21st day of April, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge